## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANDREW EYTH,

     Plaintiff,

v.                                                                    Case No: 8:23-cv-1878-CEH-TGW

SPECTRUM CHARTER
COMMUNICATIONS, INC. and
DOES 1-30,

     Defendants.

_____

## ORDER

This cause comes before the Court *sua sponte*. In this action, Plaintiff Andrew Eyth alleges claims of disability discrimination against Defendant Spectrum Charter Communications, Inc., *et al.*, under state and federal law. For the reasons articulated below, the complaint constitutes a shotgun pleading. Therefore, the Court will dismiss the complaint and grant Plaintiff leave to file an amended complaint that complies with the pleading rules.

## DISCUSSION

Complaints that violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Ultimately, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against

them and the grounds upon which each claim rests." *Id.* at 1323; *see Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) ("A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland*, 792 F.3d at 1321. The first of the four types is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* Further, a complaint that fails to separate "into a different count each cause of action or claim for relief" constitutes the third general type of shotgun pleadings. *Id.* at 1322–33; *see also Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011) (noting that shotgun pleadings lump claims together in one count); *Kennedy v. Bell S. Telecomm., Inc. (AT&T)*, 546 F. App'x 817, 818, 820 (11th Cir. 2013) (recognizing a "one-claim-per-count rule" under Fed. R. Civ. P. 10(b)).

The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (internal quotation marks omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of pleading. When faced with a shotgun pleading, a court should strike the complaint

2

and instruct the plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Here, the complaint is the first and third types of shotgun pleading. First, each count incorporates all prior paragraphs in the complaint, rendering the second count a combination of the entire complaint. Doc. 1 ¶ 146.

In addition, both counts group more than one cause of action or theory of liability into a single count. The complaint broadly groups all allegations under the Americans with Disabilities Act under Count I, and all allegations under the Florida Civil Rights Act under Count II. However, each one alleges liability under more than one theory. For example, Count I first alleges discrimination under a failure to accommodate theory, *id.* ¶¶ 132-137, then goes on to allege other theories of discrimination as well as retaliation. *Id.* ¶¶ 138-141. Count II appears to assert both retaliation and discrimination. *See id.* ¶ 158. Claims that Plaintiff asserts under distinct theories of liability must be set forth in different counts. *See, e.g., Hernandez v. CareerSource Palm Beach Cnty., Inc.*, No. 22-81149-CIV, 2023 WL 4042012, *2 (S.D. Fla. June 16, 2023) (dismissing complaint as shotgun pleading because, *inter alia*, it referred to multiple theories of discrimination in a single count); *Perry v. Singh*, No. 6:18-cv-1424, 2018 WL 11488005, *4-5 (M.D. Fla. Dec. 18, 2018) (combining claims for "disparate treatment/unequal pay/failure to promote" into a single count

constituted forbidden shotgun pleading).   Accordingly, the complaint constitutes a shotgun pleading.

The Court will dismiss the complaint and grant Plaintiff leave to file an amended complaint which conforms to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.   In filing an amended complaint, Plaintiff must avoid shotgun pleading pitfalls and comply with applicable pleading requirements.

Accordingly, it is **ORDERED**:

1. Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** as a shotgun pleading.

2. Plaintiff is granted leave to file an amended complaint within **FOURTEEN (14) DAYS** from the date of this order, which must correct the deficiency discussed herein.  **Failure to file an amended complaint within the time provided will result in the dismissal of this action, without prejudice, without further notice**.

**DONE** and **ORDERED** in Tampa, Florida on August 31, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties