## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANDREW EYTH,
     Plaintiff,

v.                      Case No. 8:23-cv-1878-CEH-TGW

SPECTRUM CHARTER
COMMUNICATIONS, INC.
and DOES 1-30.
     Defendants.
_____/

## <u>REPORT AND RECOMMENDATION</u>

The defendant filed a Motion for Attorneys' Fees (Doc. 29) seeking $7,435.80 in attorneys' fees that it incurred in successfully moving the court to compel the plaintiff to arbitrate his claims. The plaintiff opposes the motion (Doc. 30).

The defendant established that, under the parties' Arbitration Agreement, it is entitled to an award of reasonable attorneys' fees in connection with successfully compelling arbitration. Furthermore, the defendant has shown that the requested amount of $7,435.80 is reasonable. I therefore recommend that the Motion for Attorneys' Fees (Doc. 29) be granted.

I.

Plaintiff Andrew Eyth was employed by defendant, Charter Communication, Inc.    He alleges that the defendant constructively discharged him in October 2020 because of his disability and requests for accommodation for his medical conditions (see Doc. 9).

In August 2023, the plaintiff filed in this court a complaint alleging disability discrimination and retaliation under the Americans with Disabilities Act and the Florida Civil Rights Act (Doc. 9).[1] Defense counsel provided plaintiff's counsel with the Mutual Arbitration Agreement (Arbitration Agreement) and other documentation establishing that the plaintiff's claims were subject to the Arbitration Agreement (Doc. 29-1, ¶¶4, 5; see Doc. 16-1).  However, the plaintiff refused to arbitrate (Doc. 29-1, ¶¶4, 5).

In November 2023, the defendant filed a Motion to Dismiss the Plaintiff's Complaint, arguing that the lawsuit was untimely and, in the alternative, that the complaint should be dismissed because an enforceable arbitration agreement governs Plaintiff's claims (Doc. 16).  The plaintiff opposed the motion (Doc. 18).

---

[1] The original complaint was denied without prejudice because it was a shotgun pleading. The plaintiff filed an amended complaint (see Docs. 6, 9)

2

In March 2024, while the Motion to Dismiss was pending, the defendant again requested the plaintiff to dismiss this lawsuit and consent to arbitration (Doc. 29-1, ¶6; see Doc. 29-2).  At this time, the defendant offered to waive its right to recover its attorneys' fees if the plaintiff consented to arbitration, but the plaintiff refused to do so (Doc. 29-1, ¶6).

On April 26, 2024, United States District Judge Charlene Edwards Honeywell issued an Order granting-in-part and denying-in-part the defendant's Motion to Dismiss (Doc. 28).  Judge Honeywell found that "a valid contract to arbitrate was formed between the parties under Florida law," and that the Arbitration Agreement covered Plaintiff's claims (id., pp. 18-19).  Accordingly, the Motion to Dismiss was "granted to the extent that [the plaintiff] is compelled to arbitrate his claims against [the defendant]" (id., p. 20).

On the other hand, Judge Honeywell rejected the defendant's argument that the complaint was untimely and, accordingly, denied that portion of the Motion to Dismiss.  The court stayed the action pending the arbitration of the plaintiff's claims (id., p. 19).

In September 2024, the defendant initiated arbitration of the plaintiff's claims.  In October 2024, the defendant filed this Motion for Attorney's Fees (Doc. 29), arguing that, under Section K of the Arbitration

3

Agreement, it is entitled to reimbursement of its reasonable attorneys' fees incurred in successfully moving the court to compel the plaintiff to arbitrate his claims. Section K states:

> The parties agree and acknowledge . . . that the failure or refusal of either party to submit to arbitration as required by this Agreement will constitute a material breach of this agreement. If any judicial action or proceeding is commenced in order to compel arbitration, and if arbitration is in fact compelled or the party resisting arbitration submits to arbitration following the commencement of the action or proceeding, the party that resisted arbitration will be required to pay to the other party all costs, fees and expenses that they incur in compelling arbitration, including, without limitation, reasonable attorneys' fees.

(Doc. 16-1, p. 16). The defendant seeks an award of attorneys' fees totaling $7,435.80. The plaintiff opposes the motion.

The motion was referred to me. I subsequently held oral argument on the motion.

## II.

The American Rule is that each party must pay its own attorney's fees unless a statute or contract provides otherwise. Baker Botts LLP v. ASARCO LLC, 576 U.S. 121, 126 (2015). Florida follows the common law rule. Price v. Tyler, 890 So. 2d 246, 251 (Fla. 2004).

4

In this case, there is a binding contract providing for reasonable attorneys' fees to a party that successfully compels arbitration. Section K of the Arbitration Agreement pertinently states:

> If any judicial action or proceeding is commenced in order to compel arbitration, and if arbitration is in fact compelled … the party that resisted arbitration will be required to pay to the other party all fees … that they incur in compelling arbitration …. including reasonable attorneys' fees.

(Doc. 16-1, p. 16).

Furthermore, Section K of the Arbitration Agreement clearly applies to this case. Thus, the plaintiff resisted arbitration; the defendant filed a motion to compel arbitration due to the plaintiff's refusal to arbitrate; and the court, finding that the plaintiff was bound by the Arbitration Agreement, compelled the plaintiff to arbitrate his claims. Therefore, under Section K, the defendant is entitled to receive reasonable attorneys' fees it incurred in successfully compelling arbitration. See, e.g., Brown v. Echosphere, L.L.C., No. 1:07-CV-2893-JOF, 2008 WL 11407390 at *2 (N.D. Ga. Mar. 24, 2008) (awarding attorneys' fees based on an "arbitration agreement [that] provides for reasonable attorneys' fees should a party be required to seek an order compelling arbitration, as Defendants were forced to do so here"); Quintana v. Transportation Am., Inc., No. 20-21300-CIV,

2022 WL 538167 (S.D. Fla. Feb. 23, 2022) (Court granted fees because the movant was required to file a lawsuit to compel arbitration pursuant to the arbitration provision.).

The plaintiff challenges the Motion for Attorneys' Fees on several grounds. None is meritorious.

The plaintiff argues first that the Motion for Attorneys' Fees is untimely. Specifically, he contends that the defendant should have filed the motion "before the action was stayed, administratively closed, and ordered to arbitration" (Doc. 30, p. 3). The contention is unavailing.

The defendant filed this motion within weeks after initiating arbitration, so there is no undue delay. Furthermore, the plaintiff does not cite any legal authority supporting his contention that the motion is untimely, in violation of Local Rule 3.01(a). That failure, by itself, is sufficient to reject this argument.

Furthermore, there is legal authority holding that a stay of the case does not preclude the filing of the fee motion when the court maintains jurisdiction over the case. See Baggaley v. Wells Fargo Bank, N.A., No. CV1803605ABFFMX, 2018 WL 8804575 at *2 (C.D. Cal. Nov. 8, 2018) (rejecting the argument that the court may not consider the defendant's motion for attorney's fees because the motion was filed after the case was

6

stayed pending arbitration).  The court has clearly retained jurisdiction over this case.

Underscoring that this argument is frivolous is the plaintiff's contradictory assertion that the motion is premature because it should be decided by the arbitrator.[2]

Next, the plaintiff argues that he had good cause for refusing to arbitrate his claims because he was "repeatedly misled" about the Arbitration Agreement and, consequently, he had "no choice other than to pursue this action before this Court" (Doc. 30, p. 8).  This argument is irrelevant because "[n]o examination of any party's good or bad faith is necessary;" the arbitration provision "simply allows a prevailing party in an action to compel arbitration to recover fees."  Duvall v. Am.'s Home Place, Inc., No. 122CV00128GNSHBB, 2024 WL 42330 at *3 (W.D. Ky. Jan. 3, 2024).[3]

Additionally, the plaintiff argues that the defendant is not entitled to attorneys' fees because the court denied the defendant's argument that the lawsuit was untimely (see Doc. 30, p. 5).  This argument is meritless.

---

[2] Additionally, I note that time limitations governing the filing of attorneys' fees motions under Rule 54 of the Federal Rules of Civil Procedure, and Local Rule 7.01 expressly apply to final judgments, not interim arbitration orders.

[3] The assertion of bad faith is also baseless considering that the defendant offered to waive its attorneys' fees if the plaintiff voluntarily submitted to arbitration (see Doc. 29-1).

The court's rejection of the defendant's untimeliness argument is irrelevant to the defendant's entitlement to attorneys' fees under the Arbitration Agreement.

Finally, the plaintiff argues that the arbitrator, not the court, is the arbiter of the Motion for Attorneys' Fees. This contention also fails.

The Arbitration Agreement does not state who decides this Motion for Attorneys' Fees. The plaintiff argues that this uncertainty should be construed against the defendant because it drafted the contract. The defendant, on the other hand, contends that the court is in the best position to make this determination.

The defendant's entitlement to attorneys' fees is intertwined with the court's determination of the underlying motion to compel arbitration. Therefore, it is implicit in the Agreement that the court decides this motion.

This determination is supported by several courts that have decided motions for attorneys' fees related to a party's successful motion to compel arbitration. See Duvall v. Am.'s Home Place, Inc., supra, 2024 WL 42330 at *2; Acosta v. Kerrigan, 150 Cal. App. 4th 1124, 1129 (2007); Quintana v. Transportation Am., Inc., supra, 2022 WL 538167 (S.D. Fla. Feb. 23, 2022); Gavric v. Regal Auto. Grp., No. 8:20-CV-2978-VMC-AAS,

8

2021 WL 3516489 at *2 (M.D. Fla. July 21, 2021), <u>report and</u> <u>recommendation adopted</u>; <u>Ibrahim</u> v. <u>Morton's Rest. Grp., Inc.</u>, No. 04-20554CIV, 2005 WL 6068544 at *2 (S.D. Fla. Mar. 16, 2005); <u>Aviation All. Ins. Risk Retentionl Grp., Inc.</u> v. <u>Polaris Enter. Grp., Inc.</u>, No. CV 17-35-M-DWM, 2017 WL 2799151 at *5 (D. Mont. June 27, 2017); <u>Baggaley</u> v. <u>Wells Fargo Bank, N.A.</u>, No. CV1803605ABFFMX, 2018 WL 8804575 at *2 (C.D. Cal. Nov. 8, 2018).

As the <u>Acosta</u> court reasoned, "the request for attorney fees is so closely related to the … the petition to compel as to be reasonably considered an integral part of that proceeding."  It elaborated:

> Given the trial court is responsible for deciding a petition to compel arbitration, the trial court also should be responsible for resolving a claim for attorney fees made in connection with that petition to compel arbitration …. [I]n a sense, the determination of whether and how much should be awarded the prevailing party is part and parcel of the proceeding on the petition to compel arbitration.

(pp. 1129? 30-31). <u>See also</u> <u>Duvall</u> v. <u>Am.'s Home Place, Inc.</u>, <u>supra</u>, 2024 WL 42330 at *2 ("The plain language of the Agreement contemplates that a party who must compel enforcement of the arbitration agreement via an action in court is entitled to reimbursement of fees and expenses [from the court].").

Furthermore, the <u>Acosta</u> court aptly noted that

> ... the "experienced trial judge is the best judge of
> the value of professional services rendered in his
> court." ... [I]t makes more sense to have the judge
> who heard the petition to compel arbitration decide
> the fee award claim, too, rather than asking an
> arbitrator to come up with a reasonable fee award
> specifically related to a motion he or she did not
> hear or decide.

150 Cal. App. 4th 1124, 1132–33 (citations omitted).  The reasoning of

<u>Acosta</u> is sound and persuasive.

The plaintiff, on the other hand, does not cite analogous legal

authority supporting his position that the arbitrator decides this issue.  At the

hearing, the plaintiff relied upon on my recommendation in <u>Frazier</u> v.

<u>Johnson</u>, 8:08-cv-677-T-17TGW, to deny without prejudice a Motion for

Attorney's Fees for successfully compelling the plaintiff to arbitration.

However, <u>Frazier</u> is inapposite, as it interprets a materially

different provision.  The defendant in <u>Frazier</u> requested an award of

attorneys' fees under a general attorneys' fee provision entitling "the

prevailing party" to reasonable attorneys' fees incurred "in connection with

the prosecution ... of any action."[4]  The <u>Frazier</u> agreement did not define

---

[4] Specifically, the Agreement in Frazier provided (see Doc. 38, p. 4):

> "[if] any action is brought by either party against the other party arising

"prevailing party" which, I explained, is a term that ordinarily applies to the party that succeeds on the <u>merits</u> of the underlying case. Consequently, I recommended that the Motion be denied as premature because the merits of the claim were yet to be decided by the arbitrator (<u>see</u> Doc. 38 in 8:08-cv-677-T-17TGW).

In contrast, there is no "prevailing party" language at issue here, and the merits of this case are irrelevant to the defendant's entitlement to attorneys' fees under Section K of the Arbitration Agreement. Therefore, the reasoning underlying my recommendation to deny as premature the Motion for Attorneys' Fees in <u>Frazier</u> is inapplicable to this case.

For these reasons, I recommend that the court find, under Section K of the Arbitration Agreement, the defendant is entitled to an award of reasonable attorneys' fees it incurred in compelling arbitration of the plaintiff's claims.

III.

The defendant seeks reimbursement of $7,435.80, in attorneys' fees it incurred in briefing its Motion to Dismiss and in corresponding with

---

out of this Agreement, the prevailing party shall recover from the other party reasonable attorneys' fees, costs and expenses incurred in connection with the prosecution or defense of such action."

plaintiff's counsel regarding arbitration (Doc. 29, pp. 7-9). This fee includes a 15% courtesy discount off of the lodestar of $8,748.00 (Doc. 29-5, p. 2). The plaintiff opposes the fee award, contending that defense counsel grossly inflated its fees.

The Arbitration Agreement specifies that the attorneys' fee award must be reasonable (Doc. 16-1, p. 16, § K). Florida has adopted the federal lodestar approach as the foundation for setting reasonable fee awards. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla.1985). This method requires the court to determine a "lodestar figure" by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney. Id. at 1151.

The fee applicant initially bears the burden of presenting satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. Id. at 1150–51; Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir.1988). The fee opponent then "has the burden of pointing out with specificity which hours should be deducted." Centex–Rooney Const. Co., Inc. v. Martin County, 725 So.2d 1255, 1259 (Fla.App.1999); see also Norman v. Housing Authority of City of Montgomery, supra, 836 F.2d at

12

1301. Furthermore, "the court ... is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees ...." Id. at 1303 (citation omitted).

Importantly, the Eleventh Circuit has cautioned that a "request for attorney fees should not result in 'a second major litigation.'" Am. C.L. Union of Georgia v. Barnes, 168 F.3d 423, 432 (11th Cir. 1999) (citation omitted).

Defense counsel's time sheets show 18.6 hours of legal work by two attorneys and one paralegal at hourly rates of $635.00 for partner Nathan D. Chapman, $440.00 for associate attorney Chadwick L. Williams, and $290.00 for the paralegal (Doc. 29-1, ¶8; see Doc. 29-5). Chapman has nearly 20 years of complex litigation experience and Chadwick Williams has over six years of experience, including complex litigation (id.).

In support of the reasonableness of the attorneys' fees, Chapman submitted a declaration averring that, "[b]ased on [his] experience and knowledge of the going rates for attorneys with comparable experience practicing in the Middle District of Florida, these rates and the time spent securing an order compelling Plaintiff to arbitration were reasonable" (Doc. 29-1).

The plaintiff, in his opposition memorandum, argues vaguely

13

that the defendant "should not ... [be] awarded anything approaching the grossly inflated and wrongly claimed amount it is seeking here" (Doc. 30, p. 7). The plaintiff's conclusory rhetoric does not satisfy his obligation to state with specificity his objections. See Norman v. Hous. Auth. of City of Montgomery, supra, 836 F.2d at 1301 ("As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents.").

Thus, the plaintiff has not specifically objected to defense counsel's hourly rates, nor has he presented evidence controverting the reasonableness of the hourly rates or proposed different rates. Furthermore, in my experience, the hourly rates are not unreasonable for lawyers of comparable skills, experience, and reputation in the Tampa Bay area. See Id. at 1303 (The court is an expert on attorney fees.). Therefore, I recommend that defense counsel's hourly rates be accepted.

The plaintiff also did not argue in his opposition memorandum the number of hours of legal work that should not be credited. At the hearing, the plaintiff argued that one-half of the claimed hours of legal work were wasted on the unsuccessful timeliness issue. Since the plaintiff did not raise this argument in his opposition memorandum, the defendant did not have a meaningful opportunity to respond to this overreaching request.

Regardless, this contention is frivolous because nowhere near 50% of defense counsel's time was spent on the untimeliness argument. A review of the Motion to Dismiss shows that the untimeliness argument was a small portion of the Motion (see Doc. 16, pp. 6-8).

Moreover, there is already a 15% reduction of the attorneys' fees amounting to $1,312.20, thereby effectively reducing the amount of time for which counsel is compensated. Considering the plaintiff's failure to raise a timely and reasonable objection to the number of hours, and that the attorneys' fee is already discounted, I recommend that the court find reasonable the requested attorneys' fees of $7,435.80.

IV.

For the foregoing reasons, I recommend that Defendant, Charter Communication, Inc.'s Motion for Attorneys' Fees (Doc. 29) be granted, and that the plaintiff be ordered to pay reasonable attorneys' fees of $7,435.80 to the defendant.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: FEBRUARY 13, 2025

NOTICE TO PARTIES

15

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.